# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

AMY W. HILL,
 Appellant,

v.

DEPARTMENT OF THE TREASURY,
 Agency.

DOCKET NUMBER
AT-3443-17-0371-I-1

DATE: January 27, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Amy W. Hill</u>, Pinson, Alabama, pro se.

<u>Brian Self</u>, Esquire, and <u>Neal Wilson</u>, Esquire, Parkersburg, West Virginia,
 for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed her nonselection appeal for lack of jurisdiction without a hearing. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUD

¶2 The appellant is a GS-14 Management and Program Analyst for the agency. Initial Appeal File (IAF), Tab 1 at 1, 7. From 2014 to 2015, she served a rotation as acting Project Branch Manager, and during that time she filed an application for appointment to the position. *Id*. at 11, 14, 31, 33-36, 71-73. However, on or about September 8, 2015, the agency selected another individual instead. *Id*. at 5, 40, 42, 73.

¶3 On March 31, 2017, the appellant filed a Board appeal of her nonselection and requested a hearing. *Id*. at 2-3. The administrative judge issued an acknowledgment order, informing the appellant that the Board generally lacks jurisdiction over nonselections, but listing several exceptions to the rule and ordering the appellant to file evidence and argument on the jurisdictional issue. IAF, Tab 2 at 2-5. The appellant did not respond to the acknowledgment order, and the agency moved to dismiss the appeal on jurisdictional and timeliness grounds. IAF, Tab 6. The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction without a hearing, finding that the

appellant failed to make a nonfrivolous allegation that the Board has jurisdiction over her appeal.  IAF, Tab 7, Initial Decision at 1, 3.  Having dismissed the appeal on jurisdictional grounds, the administrative judge did not reach the timeliness issue.  *Id*. at 3 n.2.

¶4    The appellant has filed a petition for review contesting the initial decision and has attached several documents in support.[2]  Petition for Review (PFR) File, Tab 1.  The agency has filed a response, and the appellant has filed a reply to the agency's response.  PFR File, Tabs 2, 4.

## ANALYSIS

¶5    The Board does not have jurisdiction over all matters involving a Federal employee that are allegedly unfair or incorrect.  Rather, the Board's jurisdiction is limited to those matters over which it has been given jurisdiction by statute or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985); *Johnson v. U.S. Postal Service*, 67 M.S.P.R. 573, 577 (1995).  The appellant states she "believes that the Board should have jurisdiction over hiring processes and review of those processes should improper procedures and/or laws be violated."  PFR File, Tab 4 at 5.  However, except in certain limited categories of cases, including employment practices, Veterans Employment Opportunities Act, Uniformed Services Employment and Reemployment Rights Act, and individual right of action appeals, the Board lacks jurisdiction over such matters.  *See Becker v. Department of Veterans Affairs*, 112 M.S.P.R. 507, ¶¶ 5-6 (2009).  The appellant has not made a nonfrivolous allegation either below or on review that her case falls under any of these exceptions.

---

[2] We have reviewed the documentary evidence that the appellant has attached to her petition for review, at least some of which was included in the record below.  We find that none of this evidence pertains to the issue of jurisdiction, and is therefore not material to the outcome of the appeal.  *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

¶6          On review, the appellant argues that, under 5 U.S.C. § 7701(a), an employee or applicant may submit an appeal to the Board from any action which is appealable to the Board.  PFR File, Tab 1 at 4-5.  This is true.  However, it does not establish that the appellant's nonselection is, in fact, an action appealable to the Board.  Section 7701 is not itself a grant of jurisdiction.  Rather, it sets forth the procedures for adjudicating appeals that are within the Board's jurisdiction.  *Belhumeur v. Department of Transportation*, 104 M.S.P.R. 408, ¶ 9 (2007).  Therefore, notwithstanding this provision, the appellant must still establish that she has been subjected to an action "which is appealable to the Board."

¶7          Next, the appellant argues that her nonselection violated the Equal Pay Act of 1963 and the sex discrimination provisions of Title VII of the Civil Rights Act of 1964, thereby violating several of the merit system principles of 5 U.S.C. § 2301(b).  PFR File, Tab 1 at 5-6, Tab 4 at 4-7; *see* 29 U.S.C. § 206(d); 42 U.S.C. § 2000e-16(a).  However, even if this is true, it is insufficient to establish Board jurisdiction over the appeal.  The merit system principles are not self-executing, and they do not provide an independent basis for Board jurisdiction.  *Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 15 (2007); *Corbett v. Department of Health & Human Services*, 7 M.S.P.R. 431, 434 (1981).  Furthermore, even if the agency committed a prohibited personnel practice under 5 U.S.C. § 2302(b)(1), this would not provide a basis for Board jurisdiction either.  *Imdahl v. U.S. Postal Service*, 72 M.S.P.R. 453, 456 (1996); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

¶8          The appellant also argues the merits of her case, including that the agency selected a man to perform the job that she previously had performed, except with less responsibility and for greater pay.  PFR File, Tab 1 at 5, 7-8.  She also argues that she was the better-qualified candidate, the agency gave the selectee preferential treatment, and the agency has been less than transparent about the matter.  PFR File, Tab 1 at 4-5, 7-8, Tab 4 at 7.  However, we find that the

appellant's arguments are immaterial. Even if these allegations are true, and the agency's actions toward her in the selection process were unfair, incorrect, or even illegal, this is insufficient to establish Board jurisdiction over the appeal. *See Davis*, 105 M.S.P.R. 604, ¶ 15*; Johnson*, 67 M.S.P.R. at 577.

¶9    To the extent that the appellant is arguing that she filed this appeal based on the advice of an equal employment opportunity counselor, PFR File, Tab 1 at 4, we find that this advice was erroneous and is insufficient to confer Board jurisdiction, *see Nabors v. U.S. Postal Service*, 31 M.S.P.R. 656, 660 (1986), *aff'd*, 824 F.2d 978 (Fed. Cir. 1987) (Table).

¶10    Finally, the appellant argues, for several reasons, that her appeal should be considered timely, or that the filing deadline should be waived. PFR File, Tab 1 at 4, Tab 4 at 5-6. However, because the Board lacks jurisdiction over this appeal, we agree with the administrative judge's decision not to reach the timeliness issue. *See Richardson v. Department of the Treasury*, 41 M.S.P.R. 40, 43 n.* (1989).

¶11    For these reasons, we find that the appellant has not made a nonfrivolous allegation of Board jurisdiction over her appeal and that she has provided no basis to disturb the initial decision.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under <u>5 U.S.C. § 2302</u>(b)(8) or other protected activities listed in <u>5 U.S.C. § 2302</u>(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

> http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.